IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

GARY CLAYTON, d/b/a CLAYTON
DESIGN GROUP,

      Plaintiff,

v.

AVATAR PROPERTIES, INC.

      Defendant.
_____/

CASE NO.

8:10 CV 1690 26 TBM

FILED

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

      Plaintiff, Gary Clayton, d/b/a Clayton Design Group ("Clayton"), sues Avatar Properties,

Inc. ("Avatar"), and alleges as follows:

### Parties, Jurisdiction, and Venue

      1.     This action arises under the copyright laws of the United States, 17 U.S.C. §101,

et. seq.

      2.     Clayton operates a design firm with its principle place of business in Weeki

Wachee, Florida.  Since 1982, Clayton has engaged in the business of designing residential

dwellings in the State of Florida.

      3.     Avatar is a Florida corporation that maintains its principle place of business in

Coral Gables, Florida, and other offices throughout the state.

      4.     Venue is proper in this district under 28 U.S.C. §1400(a), and in this division

under Local Rule 1.02.

JP 56453
$ 350

**Factual Background**

5.      Clayton has designed and created home designs for Avatar in connection with various developments in the State of Florida, including Corey Lake Isles, Sterling Hills, and, most recently, TerraLargo, which is located in Polk County, Florida.

6.      For each home design, Clayton charged Avatar a base price in exchange for a single, first use of the design to construct a model home.

7.      Avatar used drawings which Clayton authored, developed, and created to build houses throughout Florida, including, but not limited to, Corey Lake Isles, Sterling Hills, and, most recently, TerraLargo, which contain material wholly and originally created and designed by Clayton.  With respect to Terra Largo, these drawings were identified by model numbers as follows:

      a.     1462

      b.     1625

      c.     1874

      d.     2033

      e.     2165

      f.     2218

      g.     2366

      h.     2531

      i.     2736

      j.     3162

These drawings used in the TerraLargo development are defined collectively herein as the "Clayton Drawings," and each of the drawings and the contents thereof are proper subject matter for copyright protection under the copyright laws of the United States.

8.      Clayton provided Avatar permission to use the Clayton Drawings for a single use in the Terra Largo development.

9.      Avatar used the Clayton Drawings to obtain permitting for and construct model homes in the TerraLargo development.

10.     Upon information and belief, Avatar continued to use Clayton's Drawings documents to construct additional homes in TerraLargo, and possibly elsewhere, without permission to do so.

11.     At some point, Clayton's Drawings were also copied, slightly modified, and used by Avatar to construct additional houses in TerraLargo, and possibly elsewhere.

12.     Upon information and belief, Avatar instructed Builders FirstSource, Inc. to copy the Clayton Drawings and make minor changes, and then used them to continue building homes.

13.     On April 16, 2008, formal claims of registration of copyright were granted by the registrar of copyrights to Clayton for the Clayton Drawings under certificates of registration numbers VA1-637-573, VA1-637-564, VA1-639-752, VA1-635-447, VA1-635-386, VA1-635-392, VA1-635-405, VA1-635-403, VA1-635-399, and VA1-635-402.   The copyright registrations are attached hereto as **Composite Exhibit "A."**   Clayton published and/or distributed the Clayton Drawings with notice of copyright thereon, and complied with all formalities under the copyright laws of the United States, 17 U.S.C. Section 101, et seq.

14.     All conditions precedent to the filing and maintenance of this action have occurred, have been performed, or have been waived.

3

15.     Clayton has retained the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

16.     Avatar had access to the copyrighted Clayton Drawings.

17.     Without Clayton's permission, Avatar used the Clayton Drawings, and prepared and used additional plans based upon the Clayton Drawings, to construct homes within the TerraLargo development, and possibly elsewhere.

18.     The plans for the homes Avatar constructed which used or were based off of the Clayton Drawings are identical or substantially similar to Clayton's copyrighted Drawings.

19.     Avatar's copying of Clayton's copyrighted Drawings was willful and without authorization from Clayton, and in direct violation of Clayton's copyrights.

20.     The above-alleged acts constitute infringement of Clayton's copyrighted Clayton Drawings, and violate 17 U.S.C. §501.

21.     Defendants' infringing conduct has caused Clayton to suffer damages, and the continued infringement of Clayton's copyrights will cause him to suffer irreparable harm for which there is no adequate remedy at law.

22.     Clayton has a clear legal right to the entry of an injunction.

23.     An injunction prohibiting Avatar from infringing Clayton's copyrights would not be adverse to the public interest.

WHEREFORE, Clayton respectfully requests that this Court enter a judgment in his favor and against the Defendant awarding the following relief:

a.     temporary and permanent injunctive relief prohibiting Avatar from infringing Clayton's copyrights in any manner, including without limitation, doing or authorizing, directly or indirectly, any of the following activities without authority under the

4

copyright: copying, duplicating, reproducing, distributing, selling, exchanging, lending, supplying for use by others; and from offering to copy, duplicate, reproduce, sell, exchange, lend, supply for use by others, any plan, blueprint, drawing or rendering of Clayton's copyrighted Drawings; and from in any manner infringing or contributing to or participating in the infringement by others of the copyright inset drawings and from acting in concert with, aiding and abetting others to infringe said copyrights in any way;

b.      mandatory injunctive relief requiring Avatar to tender to Plaintiff all infringing copies of Clayton's copyrighted Drawings that may be in their possession or under their control where the said infringing copies be destroyed under a writ of destruction issued under 17 U.S.C. Section 503, whichever this Court deems just and appropriate;

c.      an award in favor of Clayton and against Avatar for either the actual damages suffered by Clayton as a result of the infringement of Clayton's copyrights, and any profit that is not taken into account in computing actual damages, or, at Clayton's election prior to final judgment, and as permitted under law, statutory damages pursuant to 17 U.S.C. Section 504 of $30,000 for each copyright infringed, and if the Court finds that any infringement was committed willfully, damages of $150,000 for each copyright infringed;

d.      an award in favor of Clayton and against Avatar for Clayton's attorney's fees and costs incurred in this proceeding, pursuant to 17 U.S.C. §504; and

e.      such other and further relief as the Court deems just and appropriate.

## Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 29 2010.

Respectfully Submitted,

Shane B. Vogt, Esquire
Florida Bar No. 0257620
svogt@wsmslaw.com
**WILLIAMS SCHIFINO MANGIONE**
**& STEADY, P.A.**
Post Office Box 380
Tampa, Florida 33601-0380
(813) 221-2626 (telephone)
(813) 221-7335 (facsimile)

Trial Counsel for Plaintiff

256443

6